UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CIVIL ACTION NO. |
| FOR THE USE AND BENEFIT OF | | |
| FISK ELECTRIC COMPANY AND | * | |
| FISK ELECTRIC COMPANY | | |
| | | |
| VERSUS | * | JUDGE |
| | | |
| J. KOKOLAKIS CONTRACTING, INC. | * | MAGISTRATE JUDGE |
| AND LIBERTY MUTUAL | | |
| INSURANCE COMPANY | * | |

\*   \*   \*   \*   \*   \*   \*

_____

**COMPLAINT**
_____

NOW INTO COURT, Fisk Electric Company ("Fisk"), through undersigned counsel, files

this complaint and avers as follows:

**<u>PARTIES</u>**

1.

Plaintiff, Fisk, is a Texas corporation authorized to do and doing business in the state of

Louisiana.

2.

Made defendants herein are:

a)      J. Kokolakis Contracting, Inc. ("Kokolakis"), a New York corporation authorized

        to do and doing business in the state of Louisiana; and,

1

b)      Liberty Mutual Insurance Company ("Liberty"), a Massachusetts corporation authorized to do and doing business in the state of Louisiana.

## JURISDICTION AND VENUE

3.

This Court has subject matter jurisdiction over the claims at issue pursuant to 28 U.S.C. § 1331 and 40 U.S.C. § 3131, *et seq*.

4.

Jurisdiction and venue are proper in the United States District Court for the Eastern District of Louisiana because the project at issue is located and the work performed that gives rise to this breach of contract action occurred in Plaquemines Parish, which is within the Eastern District of Louisiana.

## BACKGROUND

5.

Kokolakis entered into Contract No. N69450-11-C-0756 ("Prime Contract") with the Department of the Navy, NAVFAC Southwest ("Navy"), as owner, for the construction of a new air traffic control tower and related work on the project known as "Joint Air Traffic Control Facility, Naval Air Station, Joint Reserve Base," located at 400 Russell Avenue, Belle Chasse, Louisiana, 70143 ("Project").

6.

Liberty issued a Miller Act Payment Bond number 015032309 ("Bond") for the Project on behalf of Kokolakis as principal on the Bond.

7.

Kokolakis thereafter entered into an agreement on August 8, 2011, with Fisk as subcontractor, under the terms of which Fisk agreed to furnish labor, materials, equipment, and supervision in performing certain demolition work, underground utility work, and electrical work on the Project, for the sum of $1,413,000.00 ("Subcontract").

8.

Fisk's estimate and bid on the Subcontract and the Subcontract amount were based on the bid documents and the Subcontract's plans and specifications that were furnished to Fisk.

9.

Almost immediately after mobilization, Fisk's Subcontract performance was delayed on account of inaccuracies in the plans' representations of the Project's location and certain site conditions, namely unforeseen soil conditions, among others. Disruption to the Project schedule and delays to the initial critical path items continued throughout the Project.

10.

In all, the extended duration of the Project was 506 days from the Prime Contract's original completion date. This delay was due to no fault of Fisk, but it caused Fisk's extended site presence.  Fisk incurred significant additional costs to complete its work under the Subcontract.

11.

Fisk completed its work on the Project pursuant to the Subcontract, but Kokolakis has not paid Fisk in accordance with the Subcontract's payment provisions, leaving an unpaid Subcontract balance, including retainage, of $372,349.10 ("Subcontract Balance").

12.

At the direction of Kokolakis, Fisk also performed extra work on the Project through change orders. A portion of the extra work on the Project remains unpaid to Fisk, leaving a balance of $4,459.00.

13.

In addition to the unpaid Subcontract Balance and the unpaid extra work Fisk performed, the delays Fisk experienced on the Project caused Fisk to incur additional expenses on the Project in the amount of $433,928.00. Fisk has not been paid for its increased costs and damages due to the delays experienced on the Project.

14.

Fisk requested payment from Kokolakis for the remaining Subcontract Balance, unpaid change orders, and delay costs.

15.

Fisk performed work on the Project until at least July 24, 2014.

16.

On September 24, 2014, Fisk submitted a Request for Equitable Adjustment to Kokolakis in the amount of $438,561.47 for Fisk's unpaid change orders and delay costs ("Fisk's REA"). In addition, Fisk also made demand on Kokolakis for the Subcontract Balance.

17.

On information and belief, Kokolakis submitted Fisk's REA to the Navy with Kokolakis's own mark-up for a total amount of $511,603.00.

18.

Kokolakis is liable to Fisk for all unpaid amounts on the Project, including $810,910.57.

## COUNT ONE - BREACH OF CONTRACT

19.

Fisk readopts, realleges, and incorporates the preceding allegations of paragraphs 1 through 18 as if copied herein *in extenso*.

20.

The Subcontract allows Fisk to recover the unpaid Subcontract Balance, the unpaid change order requests, and the additional delay costs incurred.

21.

Pursuant to the Subcontract, Kokolakis is bound for the payment of amounts due to Fisk for its work on the Project.

22.

Kokolakis has breached the Subcontract because Fisk has not been paid the full balance of the Subcontract, certain change order requests, and delay costs.

23.

Kokolakis is liable to Fisk in the full amount of $810,910.57 pursuant to the terms of the Subcontract.

## COUNT TWO - MILLER ACT

24.

Fisk adopts, realleges, and incorporates the preceding allegations of paragraphs 1 through 23 as if copied herein *in extenso*.

25.

Pursuant to the Bond, Liberty bound itself as surety for the payment of amounts due to Fisk for Fisk's labor and materials provided to the Project, including its work under the Subcontract.

26.

Liberty is obligated for the payment of amounts due to Fisk for Fisk's work performed and materials supplied to the Project for which Liberty's principal, Kokolakis, failed to make payment to Fisk.

27.

Fisk made a claim against the Bond for the amounts that Kokolakis failed to pay to Fisk.

28.

Fisk is entitled under the Miller Act, 40 U.S.C. § 3131, *et seq*, to payment from Liberty for the sums due to Fisk that Kokolakis failed to pay to Fisk under the Subcontract.

WHEREFORE, Fisk Electric Company prays that after due proceedings herein, there be judgment in its favor and against J. Kokolakis Contracting, Inc. and Liberty Mutual Insurance Company in the full amount proven at trial, plus interest, costs, and attorney's fees, and all other general, equitable, and legal relief to which Fisk Electric Company is entitled.

Respectfully submitted,


/s/ Jessica R. Derenbecker
Lloyd N. Shields (La. Bar No. 12022)
Jessica R. Derenbecker (La. Bar No. 32425)
Adrienne C. May (La. Bar No. 35037)
SHIELDS|MOTT L.L.P.
650 Poydras Street, Suite 2600
New Orleans, Louisiana 70130
Tel: (504) 581-4445
Fax: (504) 581-4440

Attorneys for Fisk Electric Company